IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NICHOLAS ARCRAWFETUS MCNEIL,       )
                                    )
            Plaintiff,              )
                                    )
       v.                           )     1:09CV999
                                    )
GUILFORD COUNTY SHERIFF             )
DEPARTMENT, et al.,                 )
                                    )
            Defendants.             )

### MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Nicholas Arcrawfetus McNeil, has submitted a pro se Complaint under 42 U.S.C. § 1983. (Docket Entry 2.) Plaintiff submitted his Complaint on a form designated for use by prisoners and states therein that he is incarcerated at a North Carolina state prison. (Id. at 2.) In the caption of his Complaint, Plaintiff names the following as defendants: "Guilford County Sheriff Department," "William Hill Asst District Attorney (Greensboro)," and "Richard W. Wells Public Defender (Greensboro)." (Id. at 1.) In the body of the Complaint, after again identifying the first defendant as "Guilford County Sheriff Department," he includes the name "B.J. Barnes" in parentheses. (Id. at 2.)

Pursuant to Fed. R. Evid. 201(b), the Court takes judicial notice of the fact that Mr. Barnes is the Sheriff of Guilford County, North Carolina. See http://www.guilfordsheriff.com. As such, he has lawful authority over the Guilford County Jail. See

N.C. Gen. Stat. § 162-22 ("The sheriff shall have the care and custody of the jail in his county; and shall be, or appoint, the keeper thereof."). In neither the caption, nor the body of his Complaint, does Plaintiff note whether he seeks to proceed against Sheriff Barnes, Assistant District Attorney Hill, or Public Defender Wells in their official or in their individual capacities.

Plaintiff claims that he was arrested for certain crimes under North Carolina law that "carry a maximum sentence of 300 days," but that he was held in pretrial detention in the Guilford County Jail "for 489 days." (Id. at 3.) According to Plaintiff, such action violated his "right to freedom, due process, [and] not to be treated cruel & unusual." (Id.) Plaintiff asks "the court to compensate [him] monetarily for time spent in Jail past the sentence (189) days . . . [and] to compensate [him] for the cruel punishment (monetarily) $200.00 a day for 189 days." (Id. at 4.)

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In addition, because Plaintiff also has filed a request to proceed

in forma pauperis (Docket Entry 1), the Court must conduct an identical analysis under 28 U.S.C. § 1915(e)(2)(B).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted).

Alternatively, a plaintiff fails to state a claim upon which relief may be granted for purposes of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) when a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." Id.[1]

The final ground for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(2) generally applies to situations in which doctrines established by the United States Constitution or at common law (as incorporated into federal statutes) immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity). Cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 305 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint). Accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 129 S. Ct. at 1950, respectively)).

For the reasons that follow, Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because it is frivolous, because it fails to state a claim on which relief may be granted, and because it seeks monetary damages from a defendant with immunity from such relief.

"To state a claim under § 1983, a plaintiff must aver that a person acting under color of state law deprived him of a constitutional right or a right conferred by a law of the United States." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 (4th Cir. 2009). Plaintiff claims that he was detained at the Guilford County Jail awaiting trial for longer than he could have been sentenced upon conviction. For purposes of this review, the Court will assume, but not decide, that the unreasonable seizure prohibition in the Fourth Amendment and/or the due process clause of the Fourteenth Amendment afford state pretrial detainees a federal constitutional right not to be held in custody for longer than the term of imprisonment they face upon conviction.[2]

Even with this assumption, Plaintiff's claim cannot go forward because his allegations regarding his pretrial detention are demonstrably false as a matter of law. Specifically, Plaintiff admits that he was detained at the Guilford County Jail awaiting trial on the felony charge of breaking and entering a motor vehicle

---

[2] Contrary to Plaintiff's suggestion, the Eighth Amendment's cruel and unusual punishment clause does not address the treatment of pretrial detainees, but rather only that of persons already convicted of crimes. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979).

and the misdemeanor charge of attempting to break and enter a motor vehicle.  (Docket Entry 2 at 3.)  Plaintiff also has attached the judgment from his state case to his in forma pauperis application; it confirms that he pleaded guilty to breaking and entering a motor vehicle, a Class I felony under North Carolina law, and attempted breaking and entering of a motor vehicle, a Class 1 misdemeanor under North Carolina law.  (Docket Entry 1 at 7.)

A review of North Carolina sentencing law reveals that the maximum sentence for a Class I felony is 12 to 15 months of imprisonment.  N.C. Gen. Stat. § 15A-1340.17(c) and (d).  Counting each month as 30 days, Plaintiff thus could have received as many as 450 days in prison on the felony charge alone.  He faced an additional term of 120 days for the misdemeanor conviction.  N.C. Gen. Stat. § 15A-1340.23(c) (setting out punishments for misdemeanors); N.C. Gen. Stat. §§ 15A-1340.15(a) and -1354(a) (authorizing consecutive sentences).  Plaintiff therefore could have received a total custody sentence of 570 days, but by his own admission actually spent only 489 days in jail.  The fact that Plaintiff eventually received a consolidated sentence of eight to 10 months in prison does not change the potential maximum sentence he faced while detained.  Because, as an indisputable matter of law, Plaintiff was not detained awaiting trial for longer than the potential maximum sentence he could have received, his claim is

frivolous and fails to state a claim on which relief may be granted.

Further, to the extent Plaintiff can sue the "Guilford County Sheriff Department," could have sued a different entity, or seeks to sue Sheriff Barnes, Assistant District Attorney Hill, or Public Defender Wells in their official capacities,[3] Plaintiff has failed

---

[3] "The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." Avery v. County of Burke, 660 F.2d 111, 113-14 (4th Cir. 1981). Some uncertainty exists as to the proper nomenclature for the local governmental entity associated with North Carolina sheriffs and their personnel and as to the capacity of any such entity to be sued. Compare Cranford v. Frick, No. 1:05CV62, 2007 WL 676687, at *3 (M.D.N.C. Feb. 28, 2007) (Osteen Sr., J.) (unpublished) ("[T]he Sheriff's Office remains a proper party as a governmental entity."); Blair v. County of Davidson, No. 1:05CV11, 2006 WL 1367420, at *7 (M.D.N.C. May 10, 2006) (Beaty, J.) (unpublished) ("'In North Carolina, the Office of Sheriff is a legal entity, established by the state constitution and state statutes . . . .'" (quoting Little v. Smith, 114 F. Supp. 2d 437, 446 (W.D.N.C. 2000), and citing Boyd v. Robeson County, 169 N.C. App. 460, 475 (2005), for proposition that "North Carolina state law 'characterizes a Sheriff's Department as a local governmental entity'" (internal brackets omitted)) with Capers v. Durham Cty. Sheriff Dept., No. 1:07CV825, 2009 WL 798924, at *5 (M.D.N.C. Mar. 23, 2009) (Dixon, M.J.) (unpublished) ("I agree that Defendant Durham County Sheriff Department is not a legal entity capable of being sued."); Parker v. Bladen County, 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008) (ruling that, because a North Carolina statute "acknowledges that a county is a legal entity which may be sued . . . [but] there is no corresponding statute authorizing suit against a North Carolina county sheriff's department . . ., the Bladen County Sheriff's Department lacks legal capacity to be sued"); Efird v. Riley, 342 F. Supp. 2d 413, 420 (M.D.N.C. 2004) (Dixon, M.J.) ("There is no North Carolina statute authorizing suit against a county's sheriff's department. . . . The court will therefore grant Defendants' motion to dismiss the Cabarrus County Sheriff's Department as a Defendant."); Hargett v. Forsyth Cty. Sheriff's Off., No. 1:03CV440, 2005 WL 4542859, at *1 (M.D.N.C. Sept. 29, 2005) (Beaty, J., adopting recommendation of Sharp, M.J.) (unpublished) ("[T]he Court notes that, as determined by the Magistrate Judge, the 'Sheriff's Office' is not capable of being sued."), aff'd, 172 Fed. Appx. 27 (4th Cir. 2006); Hughes v. Bedsole, 913 F. Supp. 420, 426 (E.D.N.C. 1994) ("The plaintiff has produced no law and presented no argument to show that the CCSD [Cumberland County Sheriff's Department] is a legal entity with the capacity to sue and be sued."), aff'd on other grounds, 48 F.3d 1376, 1389 n.16 (4th Cir. 1995) ("Because we hold that Hughes' various discrimination and free speech claims do not survive summary judgment, we need not address the respective liability of the parties."). See also Massasoit v. Carter, 439 F. Supp. 2d 463, 480 (M.D.N.C. 2006) (Eliason, M.J.) ("The official capacity claims against [the Sheriff of Moore County and his deputy] are effectively a suit against the Moore County Sheriff's Department itself."), aff'd in part on other grounds, 253 Fed. Appx. 295, 296-97 (4th Cir. 2007); Gantt v. Whitaker, 203 F. Supp. 2d 503, 508 (M.D.N.C. 2002) (Osteen Sr., J.) ("Plaintiff has filed claims against both Sheriff Whitaker and [Deputy Sheriff] Whitesides in their official capacities. . . . [S]uch claims actually constitute a suit against the entity of which those
(continued...)

to state a claim on which relief may be granted because he has not alleged any unlawful detention arose from any policy or custom of any entity or policy-making official. See, e.g., Walker v. Prince George's Cty., Md., 575 F.3d 426, 431 (4th Cir. 2009) (affirming dismissal of § 1983 claim against government entity where plaintiffs failed to identify "policy, or custom that caused their injury" (internal brackets and quotation marks omitted)). Moreover, Plaintiff has failed to state a claim against Public Defender Wells because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant. Because it was based on such activities, the complaint [brought under § 1983] against [the public defender] must be dismissed." Polk Cty. v. Dodson, 454 U.S. 312, 324-25 (1981).[4]

---

[3](...continued)
officials are agents – in this case, the Office of Sheriff of Davie County."), aff'd, 57 Fed. Appx. 141 (4th Cir. 2003). Because Plaintiff has failed to allege that any entity or policy-maker maintained any policy or custom that caused his claimed injury, the Court need not attempt to conclusively determine the identity and/or capacity to be sued of the entity that Plaintiff expressly or by implication has named or that he might have named instead.

[4] Because all of Plaintiff's requested relief (i.e., his demand for compensation for the 189-day difference between the 489 days he claims to have been held in pretrial detention and the 300-day maximum sentence he attributes to his charges) appears to relate only to a claim that he was kept in custody for more than the maximum term he faced, the Court does not construe his Complaint to allege any constitutional violation related to his entry of guilty pleas to the state charges. To the extent that the Complaint could be so construed, such a claim would be frivolous and would fail to state a claim upon which relief may be granted in light of Heck v. Humphrey, 512 U.S. 477, 487 (1994) ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff(s) would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff(s) can demonstrate that the conviction or sentence has already been invalidated.").

Alternatively, if Plaintiff's allegations did state a claim under § 1983, the Complaint would be subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) to the extent it seeks monetary damages from defendants with immunity from such relief.

In this regard, Plaintiff could not maintain an individual capacity claim against Sheriff Barnes based on his authority over the Guilford County Jail when Plaintiff was detained there pending trial, because Sheriff Barnes has quasi-judicial immunity for such matters. See Fowler v. Alexander, 340 F. Supp. 168, 171 (M.D.N.C. 1972) (ruling that sheriff and jailor enjoyed immunity for their roles in detaining individuals pending trial in state court akin to that of judges and judicial personnel involved in such detention), aff'd, 478 F.2d 694, 695-96 (4th Cir. 1973) ("The defendants are the judges of the court who ordered the plaintiff confined under the provisions of the challenged statutes, the sheriff and the jailer who executed the order of the court in confining plaintiff temporarily, and the director of the Administrative Office of the Courts of North Carolina. . . . We may quickly dispose of plaintiff's claim for damages. It is plainly without merit. The defendants were cloaked with immunity.").

In this case, as in Fowler, "[t]here is no allegation that the [Sheriff or any deputy at the jail] acted maliciously, without good faith, or without a judicial order valid on its face." Id. As such, "[c]onfinement by an officer of the peace . . . is not and

must not be grounds for an action for monetary damages under the provisions of 42 U.S.C. § 1983." Id.; accord Capers v. Durham Cty. Sheriff Dept., No. 1:07CV825, 2009 WL 798924, at *7 (M.D.N.C. Mar. 23, 2009) (unpublished) ("Plaintiff's incarceration was pursuant to a court order to hold him on a drug possession charge; therefore, [the Sheriff and jail personnel] are immune from liability for actions taken consistent with that order."); Miller v. United States Dept. of Hous. and Urban Dev., No. 1:05CV1045, 2006 WL 2504834 (M.D.N.C. Aug. 29, 2006) (unpublished) ("[T]he judicial immunity afforded to judges is extended to officers of the peace who act upon the basis of a judicial order which is valid on its face.").

Assistant District Attorney Hill also enjoys "absolute immunity [for any of his] activities [that] were intimately associated with the judicial phase of the criminal process.'" Nivens v. Gilchrist, 444 F.3d 237, 250 (4th Cir. 2006) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). In this case, Plaintiff seeks damages based on the length of time Assistant District Attorney Hill took to bring Plaintiff's case to trial following his arrest. Because that line of attack concerns actions by Assistant District Attorney Hill that "[a]re intimately associated with the judicial phase of the criminal process," id., he has absolute immunity. See Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir. 1996) (ruling that "*Imbler* Court specified that absolute

immunity protects prosecutors' decisions 'whether and when to prosecute'" (quoting Imbler, 424 U.S. at 431 n.33)).[5]

For all of these reasons, Plaintiff's Complaint should be dismissed. Accordingly, he may not proceed in forma pauperis, with the exception that in forma pauperis status shall be granted for the sole purpose of entering this Memorandum Opinion, Order, and Recommendation.

Notwithstanding the foregoing determinations, because Plaintiff has submitted a Complaint for filing, federal law requires that Plaintiff make an initial payment toward, and agree to collection of the balance of, the total filing fee of $350.00. See 28 U.S.C. § 1915(b)(1). Failure to comply with this Order will lead to dismissal of the Complaint.

**IT IS THEREFORE ORDERED** that in forma pauperis status is granted for the sole purpose of entering this Memorandum Opinion, Order, and Recommendation.

**IT IS FURTHER ORDERED** that, within twenty (20) days from the date of this Order, Plaintiff must make an initial filing fee payment of $8.45 and return the Consent to Collection form. Failure to comply with this Order will lead to dismissal of the Complaint.

---

[5] To the extent Plaintiff seeks to proceed against Assistant District Attorney Hill in his official capacity, the claim is subject to dismissal based on Eleventh Amendment immunity. See Nivens, 444 F.3d at 249 (explaining that, because successful official capacity suit against state prosecutor in North Carolina would affect "North Carolina's treasury," state prosecutor is "immune in his official capacity from suit under the Eleventh Amendment").

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for being frivolous, for failing to state a claim upon which relief may be granted, and for seeking monetary damages from defendants who have immunity from such relief.


                              /s/ L. Patrick Auld
                                  **L. Patrick Auld**
                           **United States Magistrate Judge**

January 25, 2010

ptf-ct1.frm
Section 1983-2/98

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NICHOLAS ARCRAWFETUS MCNEIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  1:09CV999 |
| | ) |
| GUILFORD COUNTY SHERIFF | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendant(s). | ) |

## **CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT**

I, _____, prison number _____, hereby consent:

1. for the appropriate prison officials to collect or set aside from my account on a continuing basis each month, starting the month after this action was filed, an amount equal to 20% of each month's income or deposits for the payment of filing fees and costs of this action;
2. that collection shall continue even after my case is dismissed or otherwise decided until the full filing fee and any assessed costs are paid;
3. that I may not withdraw or use any part of these 20% monthly set asides except to pay the court;
4. that the court will order the Trust Officer (or similarly designated official ) to forward payments to the Clerk's Office, U.S. District Court, Post Office Box 2708, Greensboro, North Carolina 27402, until such time as the $350.00 filing fee and any assessed costs are paid in full; and
5. that I understand that <u>any violation</u> or noncompliance by me with the terms of this Consent shall result in the dismissal of the above entitled action with prejudice.

Date: _____     Plaintiff's signature: _____